UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
MAY 2 3 2014
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Michael Walker,           )
                          )
    Plaintiff,       )
                          )
    v.               )    Civil Action No. 14-881
                          )
United States of America, )
                          )
    Defendant.       )
_____)

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed pursuant to 28 U.S.C. § 1915A, which requires dismissal of a prisoner's complaint upon a determination that it fails to state a claim upon which relief may be granted.

Plaintiff is a prisoner at the Federal Prison Camp in Berlin, New Hampshire. He sues the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80, for $100 billion. *See* Compl. ¶ 42. Plaintiff complains about the federal sentencing guidelines that "criminalized crack cocaine at a rate 100 times greater than powder cocaine, in a manner that disproportionately affected African Americans . . . ." *Id.* ¶ 6. He attaches to the complaint the final decision of the United States Sentencing Commission, which denied the FTCA claim on November 18, 2013.

The United States has consented to be sued for monetary damages "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Such consent

1

does not encompass the alleged conduct forming the basis of this action. *See, e.g., Hornbeck Offshore Transp., LLC v. U.S.*, 569 F.3d 506, 510 (D.C. Cir. 2009) (agreeing with other circuit courts "that 'it is virtually axiomatic that the FTCA does not apply where the claim[] . . . arises out of the failure of the United States to carry out a federal statutory duty in the conduct of its own affairs' ") (quoting *Sea Air Shuttle Corp. v. United States*, 112 F.3d 532, 536 (1st Cir. 1997)) (alterations and other citations omitted). Furthermore, to the extent that plaintiff is alleging that the guidelines applicable to his sentence violate the equal protection clause of the United States Constitution, he fares no better because Congress has not waived the sovereign's immunity from a lawsuit for damages based on constitutional torts. *FDIC v. Meyer*, 510 U.S. 471, 476-78 (1994). Hence, this case will be dismissed. A separate Order accompanies this Memorandum Opinion.

May 07, 2014

United States District Judge